# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATHEW ROGERS, individually and on behalf of a class of all persons and entities similarly situated, | : : : | C. A. NO.: 1:25-cv-01345-MN |
| | : : | TRIAL BY JURY OF TWELVE DEMANDED |
| Plaintiff, | : : : | |
| v. | : : | |
| LUXURY PRESENCE, INC., | : : | |
| Defendant. | : | |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Luxury Presence, Inc. ("Luxury Presence"), responds as follows to Plaintiff Mathew Rogers's Complaint.

## **JURY DEMAND**

Defendant, by and through the undersigned counsel, hereby demands trial by jury on all issues herein.

## **PRELIMINARY STATEMENT**[1]

1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged

---

[1] This Answer repeats the allegations in the Complaint in numbered paragraphs followed by Luxury Presence's answer to each allegation. Luxury Presence does not adopt the Complaint's allegations by repeating them herein.

over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER**: The allegations in Paragraph 1 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence admits that Congress enacted the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) and refers to that statute for its contents. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and thus denies them.

2. The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')" *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019). "[P]rivate suits can seek either monetary or injunctive relief." *Id.* "This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the

TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.*

**ANSWER**: The allegations in Paragraph 2 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence admits that Congress enacted the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) and refers to that statute for its contents. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 and thus denies them.

3. Plaintiff Mathew Rogers ("Plaintiff") brings this action under the TCPA alleging that Luxury Presence, Inc. ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members to promote their products and services including to numbers that were on the National Do Not Call Registry without their written consent.

**ANSWER**: The allegations in Paragraph 3 merely describe the nature of this action or assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence denies that it violated the TCPA and denies that it made, directed, or authorized telemarketing calls to Plaintiff or other putative class members. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 and thus denies them.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER**: The allegations in Paragraph 4 merely describe the nature of this action or assert conclusions of law, and thus no responsive pleading is required. To the extent a response is

required, Luxury Presence denies that it engaged in illegal telemarketing.  Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 and thus denies them.

## PARTIES

5. Plaintiff Mathew Rogers is a resident of Tennessee.

**ANSWER**:  Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and thus denies them.

6. Defendant is a corporation headquartered in this District.

**ANSWER**:  Denied.

## JURISDICTION & VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

**ANSWER**:  The allegations in Paragraph 7 assert conclusions of law, and thus no responsive pleading is required.  To the extent a response is required, Luxury Presence denies that this Court has subject matter jurisdiction, including because Plaintiff lacks standing to pursue claims against Luxury Presence because Luxury Presence did not make, direct, or authorize the phone calls at issue and thus caused no damages to Plaintiff.

8. This Court has specific personal jurisdiction over Defendant and venue is proper because Defendant resides in this District.

**ANSWER**:  Admitted.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER**: The allegations in Paragraph 9 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence admits that Congress enacted the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) and refers to that statute for its contents. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 and thus denies them.

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER**: The allegations in Paragraph 10 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence admits that 47 C.F.R. § 64.1200(c)(2) references a do-not-call registry, and Luxury Presence refers to that regulation for its complete contents.

11.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER**: The allegations in Paragraph 11 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence admits that Paragraph 11 quotes a portion of 47 C.F.R. § 64.1200(c)(2) and refers to that regulation for its complete contents.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER**: The allegations in Paragraph 12 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence admits that Paragraph 12 quotes a portion of 47 C.F.R. § 64.1200(c)(2) and purports to describe a portion of 47 C.F.R. § 64.1200(c)(2) and 47 U.S.C. § 227(c)(5) and refers to that regulation and statute for their complete contents.

## FACTUAL ALLEGATIONS

13. Plaintiff is, and at all times mention herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and thus denies them.

14. Defendant operates Alpha Residential, a real estate investment and development company that uses automatically dialed telemarketing calls to promote its products and services to consumers.

**ANSWER**: Denied.

15. Plaintiff's telephone number, (608) 774-XXXX, is a non-commercial telephone number not associated with any business.

**ANSWER**: Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and thus denies them.

16. Plaintiff's telephone number has been listed on the National Do Not Call Registry since January 2007, well over 30 days prior to the calls at issue.

**ANSWER**: Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and thus denies them.

17.     Plaintiff uses his cellular telephone number for personal, residential, and household purposes.

**ANSWER**: Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and thus denies them.

18.     Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the telephone number for business purposes.

**ANSWER**: Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and thus denies them.

19.     Plaintiff has never been a customer of Defendant, nor consented to receive calls from Defendant.

**ANSWER**: Luxury Presence admits that Plaintiff has never been a customer of Luxury Presence. Because Luxury Presence did not place, direct, or authorize the phone calls at issue in Plaintiff's Complaint, Luxury Presence lacks knowledge or information regarding whether Plaintiff consented to receive the phone calls referenced in the Complaint.

20.     Despite this, Plaintiff received at least four calls from Defendant in October 2025.

**ANSWER**: Denied.

21.     All calls were made from (623) 301-9111.

**ANSWER**: Luxury Presence denies that it placed, directed, or authorized phone calls to Plaintiff. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 and thus denies them.

22.     The first call was made by Defendant on October 2, 2025.

**ANSWER**: Denied.

23. The second call was also made by Defendant later that same day. Plaintiff missed the call and Defendant left the following voicemail:

> Reserve your spot with just 1% initial earnest money. This is a rare opportunity with incredible estimated returns. Visit allegronashville.com for all the details. Thanks so much and have a great day.

**ANSWER**: Denied.

24. The contact information on Allegro's website is info@alpharesi.com along with the with the contact phone number (615) 619-2521 which matches the listing contact in Alpha Residential's site. Additionally, "Allegro" in Nashville is included on Alpha Residential's "featured development" website page.[2]

**ANSWER**: Luxury Presence admits that the contact information on the website https://allegronashville.com/residences includes info@alpharesi.com and (615) 619-2521. Luxury Presence further admits that info@alpharesi.com and (615) 619-2521 are listed on the Contact page of Alpha Residential's website, https://alpharesi.com/developments/allegro. Luxury Presence denies that info@alpharesi.com and (615) 619-2521 are contact information for Luxury Presence. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 and thus denies them.

25. The terms and conditions included on Alpha Residential's website indicate it is owned by Luxury Presence, Inc.

**ANSWER**: Denied.

26. The third call was made by Defendant on October 23, 2025.

**ANSWER**: Denied.

---

[2] *See* https://allegronashville.com/residences and https://alpharesi.com/developments/allegro.

27. The fourth call was made by Defendant later that same day and another voicemail was left. The message identified the company as Alpha Residential and "Goodnight Space Sales."

**ANSWER**: Luxury Presence denies the first sentence of Paragraph 27. Luxury Presence denies that it left the message referenced in the second sentence of Paragraph 27, or directed or authorized a third party to leave that message, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 and thus denies them.

28. Plaintiff also received a text message solicitation from Defendant.

**ANSWER**: Denied.

29. Prior to the solicitations at issue, Plaintiff had never been a customer of the Defendant nor asked or inquired to be a customer of the Defendant.

**ANSWER**: Luxury Presence denies that it initiated, directed, or authorized the solicitations at issue in this lawsuit but admits that Plaintiff has never been a customer of Luxury Presence nor, to Luxury Presence's knowledge, asked or inquired to be a customer of Luxury Presence.

30. Plaintiff never consented to receive calls from Defendant.

**ANSWER**: Luxury Presence denies that it made, directed, or authorized any calls to Plaintiff. Luxury Presence lacks knowledge or information sufficient to form a belief about what calls, if any, Plaintiff consented to and thus denies those allegations.

31. Plaintiff never did business with Defendant.

**ANSWER**: Admitted.

32. The calls were solicitations by Defendant to purchase its products or services.

**ANSWER**: Denied.

33. The aforementioned calls to the Plaintiff were unwanted.

**ANSWER**: Luxury Presence denies that it made, directed, or authorized the aforementioned calls. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 and thus denies them.

34. Plaintiff's privacy has been violated by the above-described telemarketing calls.

**ANSWER**: Luxury Presence denies that it made, directed, or authorized the above-described telemarketing calls. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 and thus denies them.

35. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones, and were frustrating, obnoxious, annoying, invasive, and disturbed the solitude of Plaintiff and the class.

**ANSWER**: Luxury Presence denies that it made, directed, or authorized the referenced calls. Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35 and thus denies them.

## CLASS ACTION ALLEGATIONS

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER**: Luxury Presence incorporates by reference its foregoing responses to the allegations in Plaintiff's Complaint.

37. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER**: The allegations in Paragraph 37 describe the nature of this action or assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence denies the allegations in Paragraph 37.

38. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**National Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**ANSWER**: The allegations in Paragraph 38 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence denies the allegations in Paragraph 38.

39. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

**ANSWER**: The allegations in Paragraph 39 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and thus denies them.

40. Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER**: The allegations in Paragraph 40 assert conclusions of law, and thus no responsive pleading is required. To the extent a response is required, Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and thus denies them.

41. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of

their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER**:  Denied.

42. This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER**:  The allegations in Paragraph 42 merely describe the nature of this action or assert conclusions of law, and thus no responsive pleading is required.  To the extent a response is required, Luxury Presence denies that Plaintiff or putative class members are entitled to injunctive relief and money damages.

43. The Class as defined above, is identifiable through Defendant's dialer records, other phone records, and phone number databases.

**ANSWER**:  Denied.

44. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

**ANSWER**:  Denied.

45. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER**:  Denied.

46. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER**:  Denied.

47. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER**: Denied.

48. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

    b. Whether Defendant's conduct constitutes a violation of the TCPA; and

    c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER**: Denied.

49. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

**ANSWER**: Denied.

50. Plaintiff has no interests which are antagonistic to any member of the Class.

**ANSWER**: Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and thus denies them.

51. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

**ANSWER**: Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and thus denies them.

52. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER**:  Denied.

53. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER**:  Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and thus denies them.

54. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER**:  Luxury Presence lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and thus denies them.

**FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

55. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER**:  Luxury Presence incorporates by reference its foregoing responses to the allegations in Plaintiff's Complaint.

56. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER**:  Denied.

57. Defendant's violations were negligent, willful, or knowing.

**ANSWER**: Denied.

58. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**ANSWER**: Denied.

59. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER**: Denied.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; And

  C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

  D. Such other relief as the Court deems just and proper.

**ANSWER**: Luxury Presence denies that Plaintiff and putative Class members are entitled to the relief requested in the Prayer for Relief.

## GENERAL DENIAL

Luxury Presence specifically denies each and every allegation set forth in the Complaint except as herein admitted, qualified, or explained.

## ADDITIONAL DEFENSES

  1. Plaintiff's Complaint fails to state a claim for which relief can be granted, including because it fails to allege nonconclusory facts giving rise to a plausible inference that Luxury Presence made, directed, or authorized the phone calls at issue.

  2. Plaintiff has incurred no damages caused by Luxury Presence because Luxury Presence did not make, direct, or authorize the phone calls at issue.

  3. Plaintiff has failed to mitigate its damages by expending attorney fees and costs pursuing litigation against the wrong defendant, after being informed of his mistake.

  4. Plaintiff lacks constitutional and statutory standing to pursue its claims against Luxury Presence because Luxury Presence did not make, direct, or authorize the phone calls at issue and thus Plaintiff incurred no damages proximately caused by Luxury Presence.

  5. Plaintiff's Complaint is subject to dismissal under Fed. R. Civ. P. 11 because a reasonable inquiry would have demonstrated that there is no evidentiary support for Plaintiff's contention that Luxury Presence made, directed, or authorized the phone calls at issue and because Plaintiff declined to withdraw his Complaint after Luxury Presence informed him of his mistake.

Luxury Presence expressly reserves the right to amend this Answer to add additional defenses based upon legal theories, facts, and circumstances that are discovered after the date of this Answer.

## PRAYER FOR RELIEF

WHEREFORE, Luxury Presence requests that judgment be entered in its favor, that Plaintiff and putative Class members take nothing by their Complaint, and that their claims be dismissed with prejudice, and that Luxury Presence be awarded its costs and attorneys' fees as allowed by applicable law.

RESPECTFULLY SUBMITTED this 23rd day of December 2025, by

*/s/ Matthew R. Hindley, Esquire*
**REGER RIZZO DARNALL LLP**
Matthew R. Hindley, Esquire (#6002)
Samuel J. Conrad, Esquire (#7386)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803
Phone: (302) 477-7100
Email: mhindley@regerlaw.com
         sconrad@regerlaw.com

**DAVIS GRAHAM & STUBBS LLP**
Daniel A. Richards
Ixchel Parr-Culver
3400 Walnut Street, Suite 700
Denver, Colorado 80205
Phone: 303.892.9400
Email: daniel.richards@davisgraham.com
         ixchel.parrculver@davisgraham.com

*Attorneys for Defendant Luxury Presence, Inc.*